# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Portee, Jr., # 263560, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 8:15-cv-487-PMD-JDA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden Robert Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on review of United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R & R") (ECF No. 48) that the Court grant Respondent's summary judgment motion (ECF No. 26). Petitioner has filed objections to the R & R (ECF No. 50). For the reasons provided herein, the Court overrules the objections, grants the summary judgment motion, and dismisses the case.

## BACKGROUND, PROCEDURAL HISTORY, AND LEGAL STANDARD

The R & R explains in detail the factual background and procedural history of this case, as well as the applicable law. There are no objections to those portions of the R & R. With two exceptions,[1] Court adopts those portions of the R & R. The Court adds only that after the Magistrate Judge issued her R & R, Petitioner filed timely objections.

---

1. First, the Court substitutes the last sentence in the body of page 32 with the following:

    Therefore, in a § 2254 proceeding, a South Carolina state prisoner may present only those grounds that he has first appropriately submitted to review by the state's appellate courts. *See In re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) ("[I]n all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").

    Second, the Court replaces "Respondents also argue" on page 35 with "Respondent also argues."

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**ANALYSIS**

Petitioner's objections all relate to the Magistrate Judge's conclusions on Grounds 2, 3, 4, 6, 8, 9, and 10.[2] The Magistrate Judge found that all of those grounds are procedurally defaulted and that Petitioner has not established any basis for this Court to review the merits of those grounds. Petitioner argues Grounds 2, 3, 4, and 6 are not procedurally defaulted. In addition, he claims all defaulted grounds should be addressed on their merits because cause and prejudice

---

2. The Magistrate Judge determined that Grounds 1, 5, and 7 fail on their merits. Petitioner has not objected to her analysis of those grounds or to her recommendation to deny them on the merits. Having independently reviewed the record and the portions of the R & R relating to those grounds, the Court sees no clear error in the Magistrate Judge's analysis. Thus, it adopts the R & R's analysis relating to Grounds 1, 5, and 7.

2

excuse the default and because he is actually innocent of the crimes for which he has been convicted. The Court will first address the arguments on procedural default as well as cause and prejudice, as they relate to each of the seven grounds. It will then separately address the actual-innocence argument.

### I.     Ground 2: Prosecutorial Misconduct

Petitioner claims the prosecution improperly coerced a witness into testifying falsely against him at trial. The Magistrate Judge found that the ground was procedurally defaulted because it was not raised on direct appeal and that Petitioner has not established an excuse for the default. Petitioner objects to both of those conclusions.

Petitioner does not deny that his prosecutorial misconduct claim was not raised on direct appeal.[3] Instead, he points out that he made the claim in his PCR application. That, however, was not the appropriate place to do so. Under South Carolina law, "[i]ssues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief . . . ." *Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) (citing *Hyman v. State*, 299 S.E.2d 330 (S.C. 1983)). Prosecutorial misconduct is such an issue. *See, e.g.*, *State v. Inman*, 720 S.E.2d 31, 43–45 (S.C. 2011) (addressing, on direct appeal, trial judge's finding that prosecutors engaged in misconduct by intimidating witness). Accordingly, asserting prosecutorial misconduct in the PCR proceedings was futile. The Magistrate Judge correctly determined that Petitioner's claim is defaulted because it was not raised in the appropriate proceeding.

---

3.    In his supplemental *pro se* brief on direct appeal, Petitioner asserted in a conclusory fashion that trial counsel was ineffective for not combating the prosecutor's coercion and that the prosecutor "manufactured evidence." (*Pro Se* Br. Appellant, ECF No. 26-7, at 11–12.) However, the Court doubts the South Carolina state courts would hold that Petitioner properly presented his prosecutorial-misconduct ground to the state's appellate courts. Even liberally construing either of those statements as raising the specific ground Petitioner now asserts, the appellate court would have deemed the issue abandoned under state law. *See* Rule 208(b)(1)(D), SCACR (requiring discussion of the appellant's legal arguments and citations to authorities); *First Sav. Bank v. McLean*, 314 S.C. 361, 363 (S.C. 1994) (noting that when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal). Thus, even if the prosecutorial-misconduct ground was raised on direct appeal, it still ultimately became procedurally defaulted when Petitioner did nothing to support it.

3

Recognizing that this ground and others are procedurally defaulted, Petitioner broadly asserts that any defaults of his § 2254 grounds were caused by ineffective assistance of counsel. A procedurally defaulted claim can nonetheless be reviewed on its merits if the petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[A]n attorney's errors during an appeal on direct review may provide cause to excuse a procedural default . . . ." *Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012). Accordingly, within the context of Ground 2, the Court construes Petitioner's assertion as an argument that appellate counsel caused the procedural default of Ground 2 by failing to raise it on direct appeal.

The Court must reject Petitioner's argument. An attorney's failure to present an issue on direct appeal can constitute cause for that procedural default, but only if that failure violated the Sixth Amendment's right to counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id.* "[P]rinciples of comity and federalism" require that such an ineffective-assistance claim "'be presented to the state courts as an independent claim before it may be used [in a § 2254 proceeding] to establish cause for a procedural default.'" *Id.* at 451, 452 (quoting *Murray*, 477 U.S. at 489).

Petitioner's ineffective-assistance claim regarding appellate counsel was not presented in state court. South Carolina requires that ineffective-assistance claims be raised in PCR proceedings. *E.g.*, *State v. Kornahrens*, 350 S.E.2d 180, 184 (S.C. 1986). In his PCR application, Petitioner alleged appellate counsel failed to raise several issues that were preserved for review. However, prosecutorial misconduct was not one of the issues that Petitioner faulted

4

appellate counsel for omitting. Thus, he cannot use appellate counsel's purportedly deficient performance to excuse the procedural default of Ground 2; that issue is, itself, procedurally defaulted. *See Edwards*, 529 U.S. at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . .").

Petitioner's assertion that ineffective assistance caused all his procedural defaults includes an argument that PCR counsel erred by not raising appellate counsel's ineffectiveness. In some circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's default of [a § 2254 petition's claim of] ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. Petitioner appears to be contending that PCR counsel's omission excuses the default of his ineffective appellate counsel defense. *Martinez*, however, applies only where a claim of ineffective trial counsel asserted in a § 2254 petition is procedurally defaulted because of a lack of effective legal assistance during the first level of state-court collateral review. *See Hamm v. Comm'r*, 620 F. App'x 752, 763 (11th Cir. 2015) (per curiam) ("The Supreme Court took pains . . . to emphasize the narrow and limited nature of its holding in *Martinez* . . . ."). Here, PCR counsel's alleged deficiency is one step removed from that scenario; instead of PCR counsel's error defaulting the underlying § 2254 ground, it defaulted a basis for excusing the default of that underlying ground. A second distinction is that PCR counsel's alleged deficiency relates to an issue of ineffective *appellate* counsel, not ineffective *trial* counsel. *See Neumon v. Cartledge*, No. 8:14-cv-2556-RMG, 2015 WL 4607732, at *11 n.12 (D.S.C. July 31, 2015) (noting "[i]t has been generally held that *Martinez* does not apply to ineffective assistance of appellate counsel claims" and collecting cases). Finally, as the Magistrate Judge recognized, *Martinez* does not extend to Ground 2, a prosecutorial misconduct claim, because it does not involve the conduct of any defense attorney.

*See Hilton v. McCall*, No. 1:12-cv-1540-TMC, 2013 WL 4017341, at *2 (D.S.C. Aug. 5, 2013) (holding *Martinez* did not apply where underlying defaulted ground was one of prosecutorial misconduct). For each of those three reasons, Petitioner's argument categorically fails.

In *Edwards*, the Supreme Court noted that

> [t]o hold, as we do, that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted is not to say that that procedural default may not *itself* be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim.

529 U.S. at 453. Conceivably, then, merits review of Ground 2 might be appropriate if there were some other basis for excusing the default of Petitioner's ineffective-assistance argument on appellate counsel's omission of Ground 2 from the direct appeal. The Court has considered whether there is any such basis. Seeing none in the record, the Court agrees with the Magistrate Judge that Ground 2 is procedurally defaulted and that Petitioner has not shown cause and prejudice excusing the default. The Court overrules Petitioner's objections relating to Ground 2 and denies it as procedurally defaulted.

## II.     Ground 3: Trial Counsel's Failure to Have Murder Weapon Examined

Throughout his prosecution, Petitioner insisted that the police planted the murder weapon in a bag belonging to him. Petitioner argues his trial attorneys were ineffective for not having independent DNA and ballistics analysists examine the gun in order to disprove that the gun was the murder weapon or that Petitioner had ever possessed it.

Petitioner did not assert that ground in his PCR application, but PCR counsel and the State's attorney litigated it at the PCR hearing. However, the PCR court did not rule on the ground in its order. In a *pro se* Rule 59(e) motion, Petitioner asked the PCR court to make a ruling on that ground and several others not covered in the order. The PCR court did not address

6

the motion.[4]  Later, in a *pro se* brief in support of his certiorari petition to the state Supreme Court, Petitioner argued the PCR court erred by not ruling on the ground.

Petitioner now squarely asserts the gun-examination ground as Ground 3 of his § 2254 petition.  The Magistrate Judge concluded Ground 3 is procedurally defaulted.  Petitioner objects, but the Court agrees with the Magistrate Judge.  By asserting that the PCR court erred in not addressing the ground, Petitioner indirectly presented the ground to the state Supreme Court.  However, he did not do so properly.  Because the PCR court did not rule on the ground, it was not preserved for appellate review.  *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (per curiam) (holding issues not ruled upon by PCR court were not preserved for appellate review).

The Magistrate Judge also concluded Petitioner cannot establish cause and prejudice for the default.  Focusing on PCR appellate counsel's failure to raise the ground in the certiorari petition, the Magistrate Judge concluded Petitioner cannot use that omission to excuse the default under *Martinez*.  The Court agrees with the Magistrate Judge that *Martinez* does not extend to instances of ineffective PCR appellate counsel.  *See Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (per curiam) (holding allegations of ineffective PCR appellate counsel do not fall under *Martinez* but instead "fall under the general . . . rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural default").  Moreover, nothing PCR appellate counsel did or failed to do could have caused the procedural default.  Rather, as the Court will explain, the default occurred before the PCR court.

---

4.  South Carolina law instructs that *pro se* motions filed by attorney-represented litigants are nullities that courts are to ignore.  *See Miller v. State*, 697 S.E.2d 527, 527 (S.C. 2010); *see also Whelchel v. Bazzle*, 489 F. Supp. 2d 523, 531–32 (D.S.C. 2006) (discussing South Carolina's valid ban on "hybrid" representation and holding PCR court properly ignored represented petitioner's *pro se* amendments to his PCR application).  That is likely why the PCR court took no action on Petitioner's Rule 59(e) motion.

7

The record indicates the PCR court did not address the gun-examination ground because it did not know Petitioner was seeking relief on that ground.  A PCR application must "specifically set forth the grounds upon which [it] is based" and set out specific facts for each ground "separately from other allegations of facts."  S.C. Code Ann. § 17-27-50.  In addition, "[a]ll grounds for relief available to an applicant must be raised in his original, supplemental, or amended application."  S.C. Code Ann. § 17-27-90.  Despite those requirements, Petitioner did not include the gun-examination ground in his PCR application.  However, once appointed, it was PCR counsel who had the duty to see that all of Petitioner's grounds were properly presented to the PCR court.  *See* Rule 71.1(d), SCRCP ("Counsel shall insure that all available grounds for relief are included in the application and shall amend the application if necessary.").  Instead of amending Petitioner's application to include Ground 3, PCR counsel informed the PCR court at the beginning of the hearing that the only grounds before the court were the ones Petitioner had raised himself in his appliction.

At the hearing, both sides questioned witnesses on the possible planting of the gun, on ballistics, and on DNA evidence relating to the gun.  The ground, therefore, was tried by implied consent.  *See Andrews v. von Elten & Walker, Inc.*, 432 S.E.2d 500, 502 (S.C. Ct. App. 1993) (holding unpled issue discussed extensively at trial without objection was tried by consent of the parties).  As such, the ground effectively became part of Petitioner's PCR application.  *See* Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").  However, it appears the PCR court overlooked the ground when it prepared its order.

The PCR court was required to make specific factual findings and legal conclusions on each ground presented to it.  S.C. Code Ann. § 17-27-80.  The court's omission could be

8

remedied only by PCR counsel filing a Rule 59(e) motion asking for a ruling on the gun-examination ground; otherwise, the ground would not be preserved for appellate review. *See Marlar*, 653 S.E.2d at 267 (S.C. 2007). Here, when PCR counsel did not file such a motion, the ground became procedurally defaulted. *See, e.g.*, *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009); *Cutner v. Thompson*, 6:12-cv-2807-GRA, 2013 WL 4505448, at *4 & n.2 (D.S.C. Aug. 23, 2013).

Petitioner's blanket assertion of ineffective PCR counsel includes an argument that PCR counsel's performance excuses the procedural default of Ground 3. This is the scenario *Martinez* contemplates. As Petitioner first raised this argument in his objections, the R &R has no analysis of it. Thus, the Court will analyze Petitioner's *Martinez* argument on its merits.

Under *Martinez*, a federal habeas court can find cause, thus excusing procedural default of an ineffective trial counsel claim, where

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S. Ct. at 1318–19, 1320–21). A "substantial" ineffective trial counsel claim is one that "has some merit." *Martinez*, 132 S. Ct. at 1318. The merits of that defaulted ground also figure into the second *Martinez* element where, as here, the petitioner contends PCR counsel's ineffectiveness caused the default. *See Horonzy v. Smith*, No. 1:11-cv-00235-EJL, 2012 WL 4017927, at *6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction

9

proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."), *§ 2254 petition dismissed*, 2013 WL 3776372 (D. Idaho Jul. 16, 2013); *see also Juniper v. Zook*, 117 F. Supp. 3d 780, ___ (E.D. Va. 2015) (stating the first two *Martinez* elements "blend together" when the petitioner alleges collateral counsel was ineffective), *motion for relief from judgment denied*, 2016 WL 413099 (E.D. Va. Feb. 2, 2016); *Ford v. McCall*, No. 8:12-cv-2266-GRA, 2013 WL 4434389, at *11 (D.S.C. Aug. 14, 2013) (citing *Horonzy*).

Focusing on the second element, PCR counsel's failure to obtain a ruling on Ground 2 was by no means exemplary. *See Marlar*, 653 S.E.2d at 267 ("Even after an order is filed [in a PCR case], counsel has an obligation to review the order and file a Rule 59(e), SCRCP, motion to alter or amend if the order fails to set forth the findings and the reasons for those findings . . . .") (citation and quotation marks omitted). Nonetheless, the Court need not decide whether PCR counsel's performance was deficient under *Strickland*; Petitioner cannot show a reasonable probability that, but for PCR counsel's omission, the PCR court would have granted Petitioner relief. Petitioner's lead trial counsel, Doug Strickler, testified he believed that additional forensic testing of the gun and bullets was unnecessary. The trial record supports the reasonableness of that decision. The State's forensic examiners testified there was insufficient DNA or fingerprints on the gun to identify who had touched it. As the State had failed to forensically tie Petitioner to the gun, counsel acted reasonably in not seeking a second opinion that might well have made that connection. As for ballistics, nothing in the record suggests the State's examination was unreliable. Finally, the PCR court found the evidence of guilt presented at trial was overwhelming. In light of the above, this Court could not conclude there is a reasonable

probability that, had PCR counsel pressed the PCR court for a ruling on Ground 2, the PCR court would have granted Petitioner relief. Accordingly, Petitioner cannot establish cause under *Martinez*.[5]

Seeing no other basis for finding Petitioner has cause and prejudice excusing his default of Ground 3, the Court overrules Petitioner's objections and denies Ground 3 as procedurally defaulted.

### III.     Ground 4: Trial Counsel's Failure to Address Crime-Scene Contamination and Improper Search

At trial, it was established that an investigating police officer examined the crime scene without his presence at the scene being properly documented. Several hours after he examined the scene, that same officer found the murder weapon inside Petitioner's bag. Believing that chain of events suggests evidence tampering, Petitioner contends his trial attorneys were ineffective for failing to raise issues regarding the officer's potential crime-scene contamination and improper search of the bag.

Like Ground 3, Ground 4 was not raised in Petitioner's PCR application but was tried by implied consent at the PCR hearing. Further, like Ground 3, the PCR court made no ruling on it, and PCR counsel did not try to obtain one. Thus, as the Magistrate Judge correctly concluded, Ground 4 is procedurally defaulted. As with Ground 3, Ground 4 became defaulted when PCR counsel failed to file a Rule 59(e) motion.

---

5.     The Court recognizes the tension between the prohibition on addressing merits of a procedurally defaulted grounds, *see Coleman*, 501 U.S. at 748 ("[A] state procedural default of any federal claim will bar federal habeas unless the petitioner demonstrates cause and actual prejudice."), and the central role that the merits play in *Martinez* analysis, *see Juniper*, 117 F. Supp. 3d at ___ ("Somewhat circuitously, . . . the *Martinez* exception to the procedural-default bar includes within it consideration of the merits of the procedurally defaulted claim."). To be clear, in the *Martinez* analyses conducted in this Order, the Court has considered only whether the defaulted grounds have even a minimal amount of legal and factual support, not whether those claims have sufficient merit to warrant habeas relief. *See Martinez*, 132 S. Ct. at 1319 (stating a defaulted ineffective-assistance claim is not "substantial" if "it does not have any merit or is wholly without factual support").

11

In his opposition to Respondent's summary judgment motion, Petitioner argued that under *Martinez*, "PCR counsel's implemented methodology provided cause for [the] procedural default" of Ground 4. (Pet'r's Objs. Resp't's Mot. Summ. J., ECF No. 39, at 6.) Interpreting Petitioner's argument as an attack on PCR appellate counsel's failure to raise Ground 4 in the certiorari petition, the Magistrate Judge concluded, as she did with Ground 3, that *Martinez* provides no relief for that omission. This Court, however, reads Petitioner's argument as a criticism of PCR counsel, not of PCR appellate counsel. Although the Court again agrees with the Magistrate Judge that *Martinez* does not extend to errors by PCR appellate counsel, the Court declines to adopt the portion of the R & R interpreting Petitioner's argument as one focused on his PCR appellate counsel's performance.

Through his blanket assertion of ineffective PCR counsel, Petitioner continues to contend PCR counsel's performance excuses the default of Ground 4. Returning to the second *Martinez* requirement, this Court concludes Petitioner could not have been prejudiced by PCR counsel's failure to obtain a ruling on Ground 4. As Strickler noted in the PCR hearing, no evidence supported Petitioner's insistence that a rogue officer somehow planted the gun in the bag. To the contrary, the trial transcript makes clear that multiple officers discovered Petitioner's bag together and found the gun inside it at that time. Finally, as previously noted, the PCR court considered the evidence of Petitioner's guilt to be overwhelming. Under these facts, Petitioner cannot show a reasonable probability that, had the PCR court been pressed for a ruling, it would have granted Petitioner relief on this ground. Accordingly, Petitioner cannot establish cause under *Martinez*.

Seeing no other potential cause and prejudice excusing the default of Ground 4, the Court overrules Petitioner's objections and denies Ground 4 as procedurally defaulted.

### IV.    Ground 6: Trial Counsel's Failure to Oppose Admission of Cash Evidence

When police arrested Petitioner, they found $213 in cash in his pocket. The State introduced the money as a trial exhibit and argued in closing that Petitioner stole it in the course of murdering the victims. Petitioner contends his trial attorneys should have sought suppression of the money because the police obtained it without advising him of his *Miranda* rights. He also contends they should have argued the money was inadmissible because the victims' blood was not on it.

Like Grounds 3 and 4, Ground 6 was litigated in the PCR hearing by implied consent but became procedurally defaulted when the PCR court did not rule on it and PCR counsel did not press the court for a ruling. Thus, despite Petitioner's argument to the contrary, the Magistrate Judge correctly found Ground 6 procedurally defaulted.

As with Grounds 3 and 4, the Magistrate Judge found PCR appellate counsel's failure to raise the issue in the certiorari petition could not excuse the default under *Martinez*. In response, Petitioner again contends PCR counsel's performance excuses that default. Once more, even assuming PCR counsel acted deficiently, this Court cannot see how that prejudiced Petitioner. A motion to suppress the money based on *Miranda* would have been misplaced, *see United States v. Tyson*, 360 F. Supp. 2d 798, 808 (E.D. Va. 2005) ("[T]he *Miranda* rule is a prophylactic designed to protect against violations of the *Fifth Amendment* Self–Incrimination Clause, not the Fourth Amendment."), and, in a case involving robbery, the lack of blood on the money would have been a weak footing for an objection, *see* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). As such, the Court cannot see any real chance that, had PCR counsel pressed for a

13

ruling, the PCR court would have granted relief based on trial counsel not making those two arguments. Thus, Petitioner's *Martinez* argument again fails on the second element.

Seeing no other potential cause and prejudice excusing the default of Ground 6, the Court overrules Petitioner's objections and denies Ground 6 as procedurally defaulted.

### V.     Ground 8: Shackles in Jury's Presence

Petitioner claims the trial court violated his due process rights by requiring him to wear leg shackles during the trial. As with Ground 2, the Magistrate Judge found that this claim is procedurally defaulted because it was not raised on direct appeal and that Petitioner has not established cause and prejudice excusing the default.

Petitioner has not objected to the conclusion that Ground 8 is defaulted for failure to raise it on direct appeal. Seeing no error in that conclusion, the Court adopts it.

As for cause and prejudice, Petitioner's blanket ineffective-assistance assertion includes an argument that appellate counsel was ineffective for not raising Ground 8 on direct appeal. In his PCR application, Petitioner faulted appellate counsel for not raising the shackling issue and several other issues. However, PCR counsel did not litigate that ineffective-assistance claim in the PCR hearing. Applying state law, the PCR court ruled that Petitioner had waived the issue by not pursuing it in the hearing. Thus, the issue became procedurally defaulted in the PCR court. Because Petitioner's defense of ineffective appellate counsel is, itself, procedurally defaulted, Petitioner cannot use it to excuse the default of Ground 8. *See Edwards*, 529 U.S. at 453.

Petitioner also appears to contend that under *Martinez*, PCR counsel's ineffectiveness excuses this secondary default. However, for the same three reasons discussed in Section I *supra*, *Martinez* does not apply.

14

Seeing no other potential cause and prejudice excusing the default of Ground 8, the Court overrules Petitioner's objections and denies Ground 8 as procedurally defaulted.

## VI.     Ground 9: Trial Counsel's Failure to Object to Prosecutor's Remarks

Petitioner claims his trial attorneys were ineffective for not objecting to portions of the State's closing argument. Although Petitioner asserted it in his PCR application and the PCR court denied the ground on its merits, the Magistrate Judge found the ground procedurally defaulted because Petitioner did not present it to the state Supreme Court. The Magistrate Judge also concluded that Petitioner has not established cause and prejudice to excuse the default.

Petitioner has not objected to the conclusion that Ground 9 is defaulted because it was not raised in the PCR appeal. Seeing no error in that conclusion, the Court adopts it.

As for cause and prejudice, Petitioner's blanket ineffective-assistance assertion includes an argument that PCR appellate counsel provided ineffective assistance by not raising the claim to the state Supreme Court. As the Magistrate Judge recognized, however, deficient performance by PCR appellate counsel cannot excuse a procedural default. *See Crowe v. Cartledge*, No. 9:13-cv-2391-DCN, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default.").

Seeing no other potential cause and prejudice excusing the default of Ground 9, the Court overrules Petitioner's objections and denies Ground 9 as procedurally defaulted.

## VII.     Ground 10: Appellate Counsel's Failure to Raise Certain Issues on Appeal

Petitioner attacks his appellate counsel for failing to raise several issues on direct appeal. As mentioned above, Petitioner included that ground in his PCR application, but PCR counsel failed to litigate it at the hearing and so the PCR court held the ground was waived. The

Magistrate Judge found this ground is procedurally defaulted and that Petitioner has not established cause and prejudice to excuse the default.

Ground 10 is the same issue Petitioner asserted as an excuse for the default of Ground 8. As noted in Section V of this Order, Ground 10 is procedurally defaulted because PCR counsel abandoned it. As for cause and prejudice, the Court reiterates that PCR counsel's abandonment of the ground cannot excuse the default under *Martinez*.

Seeing no other potential cause and prejudice excusing the default of Ground 10, the Court overrules Petitioner's objections and denies Ground 10 as procedurally defaulted.

### VIII. Actual Innocence

Even when a claim is procedurally defaulted and the petitioner cannot establish cause and prejudice to excuse the default, the federal habeas court may still address the merits of the claim if not doing so "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "Under this narrow exception to the cause requirement, federal habeas courts may consider a federal claim procedurally defaulted in state court 'where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.'" *Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004) (quoting *Dretke v. Haley*, 541 U.S. 386, 393 (2004)). This exception is "extremely rare and must be based on 'factual innocence, not mere legal insufficiency.'" *Clark v. Busch*, No. 9:14-cv-2002-TMC, 2015 WL 5315949, at *9 (D.S.C. Sept. 10, 2015) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

As a blanket defense to all instances of procedural default, Petitioner asserts he is factually innocent of his convictions and thus the fundamental-miscarriage exception allows this Court to review all his defaulted claims on their merits. Petitioner explicitly bases his argument on *Schlup v. Delo*, in which the Supreme Court held that prisoners claiming actual innocence

16

must not only establish a constitutional violation but must also provide "new reliable evidence" of his innocence—"whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. 298, 324 (1995). Petitioner has not provided any such evidence. The Court rejects Petitioner's actual-innocence claim and adheres to its conclusion that Grounds 2, 3, 4, 6, 8, 9, and 10 cannot be reviewed on their merits.

### IX.     Request for Stay

Finally, Petitioner asks that the Court stay this matter so that he can pursue his procedurally defaulted claims in state court. When a § 2254 petition contains a combination of exhausted and unexhausted claims, the federal habeas court may stay its proceedings while the petitioner pursues his unexhausted claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Petitioner, however, has not presented such a petition. All of Petitioner's grounds are technically exhausted because South Carolina's statute of limitations for PCR actions and its bar on successive PCR applications prevent Petitioner from litigating any of his defaulted § 2254 claims in state court. The stay option does not apply where all claims are exhausted. *See, e.g.*, *McClure v. Ozmint*, No. 2:06-cv-1076-HMH-RSC, 2007 WL 1656227, at *25 (D.S.C. June 5, 2007) (holding *Rhines* did not apply, and therefore stay was unwarranted, where all claims in § 2254 petition were at least technically exhausted). The Court therefore denies Petitioner's request.

## **CONCLUSION**

For the reasons stated above, all of Petitioner's objections to the R & R are **OVERRULED**, Respondent's summary judgment motion is **GRANTED**, and Petitioner's § 2254 petition is **DISMISSED** with prejudice.[6]

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**February 22, 2016**
**Charleston, South Carolina**

---

6.   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.  Petitioner has not made a substantial showing of a denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).